Hadassah M. Reimer (Wyo. Bar No. 6-3825)
HOLLAND & HART LLP
25 S. Willow St., Suite 200
Post Office Box 68
Jackson, WY 83001
Phone: (307) 739-9741
Fax: (307) 739-8175
hmreimer@hollandhart.com

John F. Shepherd, *pro hac vice* motion to be filed
Tina Van Bockern, *pro hac vice* motion to be filed
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Phone: (303) 295-8000
jshepherd@hollandhart.com
trvanbockern@hollandhart.com

ATTORNEYS FOR PLAINTIFFS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MERIT ENERGY COMPANY, LLC, and MERIT ENERGY OPERATIONS I, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> DAVID BERNHARDT, in his official capacity as Secretary of the Interior U.S. Department of the Interior, and the U.S. OFFICE OF NATURAL RESOURCES REVENUE, <br><br> Defendants. | Civil Action No. 20-CV-32-S |

## PETITION FOR REVIEW OF FINAL AGENCY ACTION

Pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-706, and the Declaratory

Judgment Act, 28 U.S.C. §§ 2201-2202, Merit Energy Company, LLC ("MEC") and Merit

Energy Operations I, LLC ("MEOI" and together with MEC, "Merit") seek judicial review of

final agency actions by the Secretary of the Interior and the Office of Natural Resources Revenue

relating to the calculation of royalty on asphaltic crude oil produced from two of Merit's oil and

gas leases on the Wind River Reservation in Wyoming. Specifically, Merit seeks to review and set aside the Federal Defendants' requirement that Merit pay royalty pursuant to regulations adopted in 2015, many years after issuance of the leases, because those regulations conflict with the express terms of the leases.

## PARTIES

Plaintiffs are private oil and gas companies based in Dallas, Texas. MEOI is the owner of the two oil and gas leases in the Wind River Reservation at issue in this case. MEC operates these leases on behalf of MEOI and administers all royalty payment obligations relating thereto.

Defendant David Bernhardt is the Secretary of the Interior and is sued in his official capacity. He is ultimately responsible for regulations issued by the Department and for exercising the Secretary's authority to administer the royalty provisions of the leases in question. Defendant U.S. Office of Natural Resources Revenue ("ONRR") is a federal agency within the U.S. Department of the Interior that, among other things, manages and collects royalty payments for oil and gas leases on Federal and Indian lands, including royalty on the two leases at issue.

## JURISDICTION AND VENUE

This action arises under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This Court has jurisdiction under 28 U.S.C. § 1331 (action arising under the laws of the United States); 28 U.S.C. § 1361 (action to compel officer or agency to perform duty owed plaintiff); and 5 U.S.C. §§ 701-706 (APA). The APA waives sovereign immunity for the claims asserted in this action.

The actions of the Federal Defendants challenged in this case are final and ripe for judicial review under 5 U.S.C. §§ 702, 704, 706. Pursuant to a regulation that the Secretary adopted in 2015, 30 C.F.R. § 1206.54(b), the Federal Defendants are requiring that Merit pay royalty based on a formula tied to crude oil prices in Cushing, Oklahoma, rather than the actual

prices paid or offered on the Wind River Reservation, as specified in the leases themselves. The price that Federal Defendants are requiring Merit to use in payment of royalty is substantially higher than (and calculated entirely differently from) the price that would apply under the terms of the leases. Accordingly, the actions of the Federal Defendants have a direct and immediate impact on Merit.

In addition, the issue presented is a legal one for which further pursuit of administrative remedies is unnecessary and would be futile. The legal issue presented is whether the Federal Defendants can by regulation impose a formula for calculation of the "major portion" price that is inconsistent with the express terms of the leases issued many years before, and require Merit to pay royalty on that price while it pursues an appeal of the Federal Defendants' position. There is no need for further factual development in the Department of the Interior before this Court addresses the legal issue. ONRR representatives have advised Merit that they have no authority to suspend the regulatory requirement that Merit pay royalty on the formula in the regulations while Merit pursues an appeal.

Venue is proper under 28 U.S.C. § 1391(e) because this action is brought against an agency of the United States and an officer of the United States acting in his official capacity, and the properties that are the subject of the action are located in Wyoming.

## FACTUAL BACKGROUND

Merit has two oil and gas leases covering lands in the Wind River Reservation that contain what are sometimes called "major portion" provisions for the calculation of royalty. Those leases are the "Steamboat Butte" lease dated effective January 1, 1997 and the "Circle Ridge" lease dated effective January 1, 2000. The "major portion" provision of the two leases is identical and provides (emphasis added):

3

> 'Value' may, in the discretion of the Secretary, be calculated on
> the basis of the *highest price paid or offered* (whether calculated
> on the basis of short or actual volume) *at the time of production for
> the major portion of the oil of the same quality and gravity*, and
> gas, and/or natural gasoline, and/or all other hydrocarbon
> substances *produced, sold, and saved from the area where the
> Leased Premises are situated*, and the actual volume of the
> marketable product less the content of foreign substances as
> determined by the Authorized Officer.

The leases therefore allow the Federal Defendants to calculate and require payment of

royalty based on a highest price "paid or offered" at the time of production for the major portion

of like-quality oil produced from the area where the leases are located.   Historically, the Federal

Defendants calculated major portion prices based on their analysis of prices actually paid or

offered for production within the area where the leases are located. *See* 30 C.F.R. § 1206.54

(2012) (in effect Jan. 25, 2012 to June 30, 2015).  In 2015, the Federal Defendants adopted

regulations significantly changing the way in which they calculated major portion prices. *See* 80

Fed. Reg. 24,779, 24,794 (May 1, 2015).

The 2015 regulations require that a lessee "*must* submit a monthly Form ONRR-2014

*using the higher of the IBMP value determined under this section or your gross proceeds ....*"

30 C.F.R. § 1206.54 (2019) (emphasis added).  Thus, even where a lessee disputes applicability

of the major portion price calculated by ONRR under the 2015 regulations, the regulations

require the lessee nonetheless to pay royalty using that value.

The "IBMP value" referred to in 30 C.F.R. § 1206.54 is the "Index-Based Major Portion"

value based on a formula in the 2015 regulations.  The IBMP value is not determined based on

the highest price paid or offered for like-quality production in a particular area.  Instead, it is

based on a formula using New York Mercantile Exchange ("NYMEX") prices for light sweet

crude oil delivered to Cushing, Oklahoma, adjusted by the "Location and Crude Type

Differential."  The adjustment for the Location and Crude Type Differential does not timely or

accurately account for differences in the prices paid or offered for asphaltic crude oil on the Wind River Reservation in Wyoming as opposed to prices for light sweet crude oil in Cushing, Oklahoma.

In May 2019, based on the 2015 regulations, ONRR published major portion prices for asphaltic crude produced on the Wind River Reservation. Since then, ONRR has continued to publish its major portion prices for the crude oil in question on a monthly basis. Beginning in the fall of 2019, ONRR's published major portion prices were substantially higher than the prices *actually* paid or offered on the Wind River Reservation. (This price differential also exists for many months during the period December 2017-2018, before ONRR published its major portion prices.)

ONRR's regulations provide that if there is an inconsistency between the regulations and an express provision in an oil and gas lease, the lease provision controls:

> If the regulations in this subpart are inconsistent with: …
>
> (4) An express provision of an oil and gas lease subject to this subpart then the . . . lease provision will govern to the extent of the inconsistency.

30 C.F.R. § 1206.50(c)(4). In the case of calculation of major portion prices for asphaltic crude oil produced and sold on the Wind River Reservation, there is an inconsistency between the regulations and the leases. Therefore, the leases control.

ONRR is, however, demanding that Merit report and pay royalties based on the higher IBMP prices as calculated under the 2015 regulations. Beginning with September 2019 production, when ONRR's IBMP far exceeded the prices paid or offered for production of asphaltic crude on the Wind River Reservation, Merit attempted to pay royalty based on the proceeds it had received. However, ONRR's accounting system precluded Merit from doing that; ONRR's electronic system for payment of royalty will not allow a lessee to pay royalty on a

price that is lower than the published IBMP price. Merit requested that ONRR allow it to report and pay royalty based on the terms of its leases, but ONRR rejected Merit's request, stating that it is bound by 30 C.F.R. § 1206.54(b).

ONRR's position leaves Merit with two choices: either pay royalty on a price it contends is contrary to the terms of its leases, or don't pay royalty at all, which could subject Merit to civil penalties and imposition of late-payment interest. If Merit overpays royalty based on the IBMP price, and subsequently prevails on the merits of its position, it will not be able to obtain interest on the overpayment from the Federal Defendants.

## MERIT'S CLAIMS

The Federal Defendants' requirement that Merit pay royalty using IBMP prices is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law under the APA, 5 U.S.C. §706(2)(A). IBMP prices are not the prices paid or offered for "oil of the same quality and gravity . . . produced, sold, and saved from the area where the Leased Premises are situated," as required by the leases. Pursuant to the APA and the Declaratory Judgment Act, 28 U.S.C. § 2201, Merit is entitled to a finding that the Federal Defendants cannot require Merit to pay royalty based on the published IBMP prices.

## RELIEF REQUESTED

Merit respectfully requests the following relief:

A.     An order finding that the Federal Defendants' regulation requiring that Merit pay royalty using the IBMP prices, instead of the prices as provided by the leases, is arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with law.

B.     A declaration that the Federal Defendants cannot impose their 2015 IBMP regulations to determine the major portion price of asphaltic crude oil sold from Merit's leases,

because the regulations conflict with the terms of Merit's Steamboat Butte and Circle Ridge leases.

C. A declaration that the major portion price for asphaltic crude oil sold from Merit's leases must be based on prices actually paid or offered for "oil of the same quality and gravity . . . produced, sold, and saved from the area where the Leased Premises are situated[,]" as the leases provide.

D. An injunction preventing Federal Defendants from requiring Merit to pay royalty on its Steamboat Butte and Circle Ridge leases based on IBPM prices.

E. All other relief to which Merit may be entitled, including attorney's fees and costs of court.

DATED February 24, 2020.

_____
Hadassah M. Reimer (Wyo. Bar No. 6-3825)
HOLLAND & HART LLP
25 S. Willow St., Suite 200
Post Office Box 68
Jackson, WY 83001
Phone: (307) 739-9741
Fax: (307) 739-8175
hmreimer@hollandhart.com

John F. Shepherd, *pro hac vice* motion to be filed
Tina Van Bockern, *pro hac vice* motion to be filed
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Phone: (303) 295-8000
jshepherd@hollandhart.com
trvanbockern@hollandhart.com

ATTORNEYS FOR PLAINTIFFS

14120845_v5